UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL SATTARI,<br><br>    Plaintiff,<br><br>v.<br><br>BRITISH AIRWAYS WORLD CARGO through its agent FORWARD AIR,<br><br>    Defendants. | 2:07-cv-1484-LDG-RJJ<br><br>**<u>ORDER</u>** |

      Defendant British Airways World Cargo has filed a motion for summary judgment (#31, opposition #42, joinder #43, reply #46, opposition #77, reply #79, reply #81) and defendant Forward Air, Inc., has filed a separate motion for summary judgment (#75, opposition #77, reply #80) which argue, among other points, that plaintiff Michael Sattari has not raised a genuine issue of material fact that he complied with Article 26(2) of the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 U.S.C. 1502 et seq. (the "Convention") which requires, in pertinent part, that "[i]n the case of damage, the person entitled to delivery must complain to the carrier forthwith after the discovery of the damage, and, at least . . . within . . . fourteen days from the date of the receipt in the case of cargo." Article 26(4) of the Convention further mandates that if notice of compliance is not given within the prescribed time period, "no action shall lie against the carrier."

      It is not contestable that the Convention governs Sattari's damage-to-shipment claim involved in this case. British Airways has submitted evidence that Sattari sent written notice of the

alleged damage to British Airways on December 26, 2006–41 days after his receipt of the shipment. According to Sattari's complaint, he sent his first written notice of the damage on December 12, 2006, which is still 13 days beyond the 14-day deadline imposed by the Convention.  In response, Sattari does not dispute that written notice was untimely; rather he repeats that upon receiving the shipment he pointed the damage out to the driver, and then initiated "correspondence via [t]elephone" with British Airways or their agents regarding the damaged goods, which "would be construed as initial notification of the sustained damage to the shipment."

As British Airways points out, courts have uniformly and strictly construed Article 26(2)'s requirement of timely written notice, and ruled that the carrier's actual knowledge of the loss is insufficient.  Moreover, British Airways has shown, and Sattari offers no authority to contradict, that claims for emotional distress or its physical manifestations, unaccompanied by physical injury, and claims for punitive damages are not actionable under the Convention.  Accordingly, British Airways, therefore, is entitled to summary judgment.

For its part, Forward Air, Inc., has established that damage incurred during ground transportation undertaken for the purpose of delivery or transportation of an international shipment governed by the Convention is presumed to have occurred during air shipment, subject to proof to the contrary.  See Article 18(5).  Here, Forward Air was contracted by British Airways to provide ground transportation in order to complete the delivery to Sattari, and Sattari has not shown whether the alleged damage occurred during air or ground transit.  Furthermore, timely written notice of damage to the ground carrier is also required to preserve an action against it under the Convention.  See Jaycees Patou, Inc., v. Pier Air Int'l, Ltd., 714 F. Supp. 81, 83 (S.D. N.Y. 1989).

Finally, even if the Convention did not govern the ground transportation in this case, Forward Air successfully argues in its motion to dismiss (#71) that it is entitled to dismissal of Sattari's claims.  Sattari does not allege in his complaint, and he admits in his briefing on the motion to dismiss that he had no contract with Forward Air, Inc.  Therefore, Sattari does not, as a

matter of law, state a claim for breach of contract, or "breach of trust and good faith."  See Hilton Hotels v. Butch Lewis Productions, Inc., 109 Nev. 1043, 862 P.2d 1207, 1209 (1993) (existence of contract is element of claim for breach of implied covenant of good faith and fair dealing).  In addition, the Carmack Amendment, 49 U.S.C. § 14706 preempts Sattari's state law claims of breach of contract, breach of implied covenant of good faith and fair dealing, Hall v. North American Van Lines, Inc., 476 F.3d 683, 688-89 (9th Cir. 2007), negligence, Hughes Aircraft Co. v. North Am. Van Lines, Inc., 970 F.2d 609, 613 (9th Cir. 1992), and infliction of emotional distress. Gendler v. All Pro Van Lines, 464 F. Supp.2d 925, 930-31 (D. Ariz. 2005).  Finally, Sattari's claim for "specific relief" lacks legal specificity, and therefore fails.  Based on the foregoing,

THE COURT HEREBY ORDERS that British Airways World Cargo's motion for summary judgment (#31) is GRANTED.

THE COURT FURTHER ORDERS that Forward Air, Inc.'s, motion to dismiss (#71) and motion for summary judgment (#75) are GRANTED.

DATED this ___ day of September, 2010.

_____
Lloyd D. George
United States District Judge

3